**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission, ) | No. CV 12-02246-PHX-FJM |
| )  Plaintiff, ) | **ORDER** |
| vs. ) | |
| ) | |
| ELH Consulting, LLC, et al., ) | |
| )  Defendants. ) | |
| ) | |

We have before us defendants' request for jury trial (doc. 43), plaintiff's motion to strike defendants' jury demand (doc. 44), plaintiff's memorandum in support of the motion to strike (doc. 45), defendants' response (doc. 47), and plaintiff's reply (doc. 48).

On October 22, 2012, the Federal Trade Commission ("FTC") filed a complaint seeking equitable preliminary and permanent injunctive relief, rescission of contracts, restitution, disgorgement, and other equitable relief under sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b) and 57(b), and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"). We granted the FTC's request for a temporary restraining order. Defendants now request a jury trial pursuant to Fed. R. Civ. P. 38. The FTC argues that defendants' demand for jury trial should be stricken because the FTC seeks only equitable relief, and there is no right to a jury in an equitable action.

Pursuant to Fed. R. Civ. P. 38, a party has "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by federal statute[.]" Here, neither the FTC Act nor the Telemarketing Act provides for a jury trial. The Seventh Amendment "preserves the right to trial by jury of all legal claims," but "'no right to a jury exists' for equitable claims." Danjaq LLC v. Sony Corp., 263 F.3d 942, 962 (9th Cir. 2001) (citations omitted). Defendants concede that they are not entitled to a jury trial on the FTC's equitable claims. Defendants' Response at 3.

Defendants argue, however, that they are entitled to a jury trial because the FTC seeks a legal remedy. Defendants rely on Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 122 S. Ct. 708 (2002) to argue that the FTC's claims are for legal restitution because they seek to recover funds that have been commingled with defendants' general assets. In Great-West, the Court held that plaintiffs sought legal relief where they imposed personal liability on defendants for a contractual obligation to pay money. Id. at 221, 122 S. Ct. at 719. In contrast, the Court found that restitution lies in equity where plaintiff seeks to "restore to the plaintiff particular funds or property in the defendant's possession." Id. at 214, 122 S. Ct. at 715. Here, the FTC does not seek to impose personal liability for a contractual obligation. Instead, the FTC seeks relief based on the court's equitable powers to "redress injury to consumers resulting from Defendants' violations of the FTC Act and the [Telemarketing Act]." Therefore, the FTC's claims lie in equitable, not legal, restitution.

Defendants next contend that the FTC's request for "refund of monies paid" is a form of legal restitution. However, "[t]he award of monetary relief is not necessarily always legal." Smith v. Barton, 914 F.2d 1330, 1337 (9th Cir. 1990) (citations omitted). For example, damages are equitable where, as here, they are in "action[s] for disgorgement of improper profits." Id. (quotation omitted). Accordingly, the FTC seeks equitable relief, and thus defendants are not entitled to a jury trial. This is not an action for damages.

Moreover, weighing carefully the interests of justice and the interests of judicial economy, we decline to impanel an advisory jury under Rule 39(c), Fed. R. Civ. P., to hear

any claims in this action. An advisory jury would add needless complexity with no attendant benefit.

**IT IS ORDERED GRANTING** plaintiff's motion to strike defendants' jury demand (doc. 44).

DATED this 6th day of February, 2013.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 3 -