**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Federal Trade Commission, | ) | No. CV 12-02246-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| ELH Consulting LLC et al, | ) | |
| Defendant. | ) | |

On October 31, 2012, we held a show cause hearing on plaintiff's motion for preliminary injunctive relief and extended the life of the TRO until further order of the court. We set forth a briefing schedule for a response and a reply. (Doc. 26).

We now have before us defendants' Response (doc. 30), the receiver's reply (doc. 40), and plaintiff's reply (doc. 41). Meanwhile, stipulated preliminary injunctions were entered with respect to the Key Tech defendant (doc. 38), and the 3Point14 defendants (doc. 39).

A party seeking preliminary injunctive relief must establish (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and, (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.,* 129 S. Ct. 365, 374 (2008). Having in mind that the court already has granted a TRO, we are of the view that defendant's Response does not change the equation. Plaintiff is likely to succeed on the

1  merits. The evidence is in plaintiff's favor, and defendants do not dispute much of it. The
2  members of the public who seek assistance from defendants for credit card interest rate
3  reduction are likely to suffer irreparable harm because they are likely to be economically
4  distressed in the extreme. The equities favor the FTC. The defendant's business, even if it
5  were not fraudulent, is of marginal utility. Finally, the public interest is served when a
6  regulator such as the FTC does its job on behalf of those the statute is designed to protect.
7      Accordingly, it is ORDERED GRANTING plaintiff's application for preliminary
8  injunctive relief. Counsel for plaintiff shall lodge with the court an updated proposed form
9  of preliminary injunction which is consistent with the TRO and this order by February 15,
10 2013. The defendant may stipulate to the form, absent which, defendant may file objections
11 to the form no later than 10 days after the lodging of the proposed preliminary injunction.
12 This order constitutes the court's findings and conclusions under Rule 52(a)(2), Fed. R. Civ.
13 P.
14      DATED this 6th day of February, 2013.

_____
Frederick J. Martone
United States District Judge