**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Federal Trade Commission,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ELH Consulting, LLC, *et al.*,<br><br>　　　　　Defendants. | 12-cv-2246-PHX-FJM<br><br>**STIPULATED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND EQUITABLE RELIEF AS TO DEFENDANTS 3POINT14 CONSULTANTS, LLC, also d/b/a ELITE PLANNING GROUP, and RARES STELEA** |

　　　　Plaintiff Federal Trade Commission ("Commission" or "FTC") filed its Complaint for a Permanent Injunction and Other Equitable Relief pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, to obtain temporary, preliminary, and permanent injunctive relief, rescission or reformation of contracts, restitution, disgorgement of ill-gotten gains, and other equitable relief for Defendants' acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and in violation of the FTC's Trade Regulation Rule entitled "Telemarketing Sales Rule" ("TSR"), 16 C.F.R. Part 310.

Plaintiff and Defendants 3Point14 Consultants, LLC, also d/b/a Elite Planning Group, and Rares Stelea ("Stipulating Defendants"), have agreed to entry of this Stipulated Final Judgment and Order for Permanent Injunction ("Order") by this Court in order to resolve all claims against Stipulating Defendants in this action.  Plaintiff and Stipulating Defendants have consented to entry of this Order without trial or adjudication of any issue of law or fact herein.  The Receiver did not file an objection, and the time for doing so has expired.

**NOW THEREFORE**, Plaintiff and Stipulating Defendants, having requested the Court to enter this Order, and the Court having considered the Order reached between the parties, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

## FINDINGS

1. This is an action by the Commission instituted under Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, the Telemarketing Act, 15 U.S.C. §§ 6101-6108, and the TSR, 16 C.F.R. Part 310.  Pursuant to these Sections of the FTC Act and the Telemarketing Act, the Commission has the authority to seek the relief contained herein.

2. The Commission's Complaint states a claim upon which relief may be granted under Sections 5(a), 13(b), and 19 of the FTC Act, 15 U.S.C. §§ 45(a), 53(b), and 57b, and Section 6(b) of the Telemarketing Act, 15 U.S.C. § 6105(b).

3. This Court has jurisdiction over the subject matter of this case and personal jurisdiction over the Stipulating Defendants.

4. Venue, process, and service of process are proper.

5. The activities of Stipulating Defendants, as alleged in the Complaint, are "in or affecting commerce" as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

6. Stipulating Defendants neither admit nor deny any of the allegations set forth in the Commission's Complaint, except as specifically

stated in this Order.  Only for purposes of this action, Stipulating Defendants admit the facts necessary to establish jurisdiction.

7. Stipulating Defendants waive: (a) all rights to seek judicial review or otherwise challenge or contest the validity of this Order; (b) any claim that any of them may have against the Commission, its employees, representatives, or agents; (c) all claims under the Equal Access to Justice Act, 28 U.S.C. § 2412, *as amended by* Pub. L. 104-121, 110 Stat. 847, 863-64 (1996); and (d) any rights to attorney's fees that may arise under said provision of law.  The Commission and Stipulating Defendants shall each bear their own costs and attorney's fees incurred in this action.

8. This Order is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law.

9. Entry of this Order is in the public interest.

**DEFINITIONS**

For purposes of this Order, the following definitions shall apply:

1. "**Asset**" or "**Assets**" means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes," (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

2. "**Assisting Others**" includes, but is not limited to:

    a. performing customer service functions, including, but not limited to, receiving or responding to consumer complaints;

    b. formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including, but not limited to, any telephone sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email, or other

electronic communication;

  c. formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including but not limited to, web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

  d. providing names of, or assisting in the generation of, potential customers;

  e. performing marketing, billing, or payment services of any kind; and

  f. acting or serving as an owner, officer, director, manager, or principal of any entity.

3. "**Corporate Defendant**" means 3Point14 Consultants, LLC, also d/b/a Elite Planning Group, and its successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by these entities, or any of them.

4. "**Defendants**" means the Individual Defendant and the Corporate Defendant, individually, collectively, or in any combination.

5. "**Document**" or "**Documents**" means any materials listed in Federal Rule of Civil Procedure 34(a) and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form through detection devices. A draft or nonidentical copy is a separate Document within the meaning of the term.

6. "**Financial Institution**" means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

7. "**Individual Defendant**" means Rares Stelea and by whatever

other names he may be known.

8. "**Person**" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

9. "**Plaintiff**" means the Federal Trade Commission ("Commission" or "FTC").

10. "**Receiver**" means Peter S. Davis of Simon Consulting, LLC.

11. "**Stipulating Defendants**" means 3Point14 Consultants, LLC, also d/b/a Elite Planning Group and Rares Stelea; and their successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by these entities, or any of them.

# I.

# PROHIBITED PRACTICES

**IT IS FURTHER ORDERED** that Stipulating Defendants and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, partnership, limited liability company, subsidiary, division, or other device, in connection with procuring services from third parties including, but not limited to, affiliate networks, payment processors, banks or other financial institutions, marketing affiliates, customer service providers, lead brokers, web designers, and fulfillment houses, are permanently restrained and enjoined from:

A. Making, or assisting others in making, directly or indirectly, expressly or by implication, any false or misleading material representation, including, but not limited to, misrepresentations about:

1. The affiliation between any person or entity seeking to procure services and any other person or entity;

   2. The nature, terms, conditions, and disclosures associated with the advertising, marketing, promoting, offering for sale, or sale of any product or service offered by Stipulating Defendants; and

   3. Third party approvals or endorsements, or the substantiation for or the legality of advertising claims for any product or service offered for sale by Stipulating Defendants;

 B. Failing to disclose to any payment processor or financial institution the following information: (1) the identity of the owner, manager, director, or officer of the applicant for or holder of a merchant account, and (2) any material connection between the owner, manager, director, or officer of the applicant or holder of a merchant account and any person or entity who has been or is placed in a merchant account monitoring program, has had a merchant account terminated by a payment processor or a financial institution, or has been fined or otherwise disciplined in connection with a merchant account by a payment processor or a financial institution; and

 C. Engaging in any practice that would have the effect of circumventing any chargeback monitoring program or other risk management program implemented by a credit card payment association.

## II.

## MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

 A. Judgment is hereby entered in favor of the Commission and against Stipulating Defendants, jointly and severally, for equitable monetary relief in the amount of $152,412.00; *provided, however*, that the Judgment for equitable monetary relief shall be suspended subject to the conditions set forth in Section II of this Order;

 B. Stipulating Defendants relinquish all right, title, and interest in: (1) the funds held in the reserve account maintained in connection with the

merchant agreement between Stipulating Defendants and Global Payments, Inc., and/or Century Bankcard Services, LLC; and (2) the balance remaining in the 3Point14 account at Bank of America Bank into which processed credit card charges were deposited, in favor of the Receiver;

C. All funds paid pursuant to this Order shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including, but not limited to, consumer redress, and any attendant expenses for the administration of such equitable relief.  Stipulating Defendants shall cooperate fully to assist the Commission in identifying consumers who may be entitled to redress pursuant to this Order.  If the Commission determines, in its sole discretion, that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement.  Stipulating Defendants shall have no right to challenge the Commission's choice of remedies under this Section.  Stipulating Defendants shall have no right to contest the manner of distribution chosen by the Commission.  This judgment for equitable monetary relief is solely remedial in nature and is not a fine, penalty, punitive assessment or forfeiture;

D. Stipulating Defendants relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law.  Stipulating Defendants shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise;

E. In accordance with 31 U.S.C. § 7701, as amended, Stipulating Defendants are hereby required, unless they already have done so, to furnish to the Commission their taxpayer identifying numbers (social security number or employer identification number), which shall be used for purposes of collecting

1  and reporting on any delinquent amount arising out of Stipulating Defendants'
2  relationship with the government; and

3      F.     Stipulating Defendants agree that the facts as alleged in the
4  Complaint filed in this action shall be taken as true without further proof in any
5  bankruptcy case or subsequent civil litigation pursued by the Commission to
6  enforce its rights to any payment or money judgment pursuant to this Order,
7  including, but not limited to, a nondischargeability complaint in any
8  bankruptcy case. Stipulating Defendants further stipulate and agree that the
9  facts alleged in the Complaint establish all elements necessary to sustain an
10 action by the Commission pursuant to Section 532(a)(2)(A) of the Bankruptcy
11 Code, 11 U.S.C. § 532(a)(2)(A), and that this Order shall have collateral
12 estoppel effect for such purposes.

## III.

## RIGHT TO REOPEN

**IT IS FURTHER ORDERED** that:

A.     Plaintiff's agreement to, and the Court's approval of, this Order, including, but not limited to, the suspension of the monetary judgment against Stipulating Defendants, is expressly premised upon the truthfulness, accuracy, and completeness of Stipulating Defendants' representations regarding their financial conditions, as set forth in the Individual and Corporate Financial disclosure forms ("Financial Statements") with attachments provided to the FTC on November 1, 2012, which contain material information upon which Plaintiff relied in negotiating and agreeing to the terms of this Order;

B.     If, upon motion of the Commission, the Court finds that Stipulating Defendants failed to disclose any material asset, materially misrepresented the value of any asset, or made any other material misrepresentation in or omission from their Financial Statements or supporting documents, the suspended Judgment entered in Section II shall become immediately due and payable (less any amounts already paid). *Provided,*

1  *however*, that, in all other respects, this Order shall remain in full force and
2  effect, unless otherwise ordered by the Court; and
3        C.      Any proceedings instituted under this Section shall be in addition
4  to, and not in lieu of, any other civil or criminal remedies that may be provided
5  by law, including, but not limited to, contempt proceedings, or any other
6  proceedings that the Commission or the United States might initiate to enforce
7  this Order. For purposes of this Section, Stipulating Defendants waive any
8  right to contest any of the allegations in the Commission's Complaint.

## IV.

## **PROHIBITIONS REGARDING CONSUMER INFORMATION**

11  **IT IS FURTHER ORDERED** that Stipulating Defendants, and their
12  officers, agents, servants, employees, attorneys, and all other persons in active
13  concert or participation with any of them who receive actual notice of this
14  Order by personal service or otherwise, are permanently restrained and
15  enjoined from:
16        A.      Failing to provide sufficient customer information to enable the
17  Commission to efficiently administer consumer redress. Stipulating
18  Defendants represent that they have provided this redress information to the
19  Commission. If a representative of the Commission requests in writing any
20  information related to redress, Stipulating Defendants must provide it, in the
21  form prescribed by the Commission, within fourteen (14) days;
22        B.      Disclosing, using, or benefitting from customer information,
23  including the name, address, telephone number, email address, social security
24  number, other identifying information, or any data that enables access to a
25  customer's account (including a credit card, bank account, or other financial
26  account), of any person which any Stipulating Defendant obtained prior to
27  entry of this Order in connection with the marketing or sale of any Debt Relief
28  Product or Service; and
      C.      Failing to dispose of such customer information in all forms in

their possession, custody, or control within thirty (30) days after entry of this Order. Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practically be read or reconstructed.

*Provided, however*, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

## V.

## ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Stipulating Defendants obtain acknowledgments of receipt of this Order:

A.  Each Stipulating Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.  For 5 years after entry of this Order, Stipulating Defendant Rares Stelea for any business that he, individually or collectively with any other Defendant, is the majority owner or directly or indirectly controls, and each Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and managers; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. To all others, delivery must occur before they assume their responsibilities.

C.  From each individual or entity to which a Stipulating Defendant delivered a copy of this Order, that Stipulating Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

# VI.

# COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Stipulating Defendants make timely submissions to the Commission:

A.  One year after entry of this Order, each Stipulating Defendant must submit a compliance report, sworn under penalty of perjury.

  1.  Each Stipulating Defendant must: (a) designate at least one telephone number and an email, physical, and postal address as points of contact, which representatives of the Commission may use to communicate with Stipulating Defendant; (b) identify all of that Stipulating Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the products and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Stipulating Defendant Rares Stelea must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Stipulating Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission;

  2.  Additionally, Stipulating Defendant Rares Stelea must: (a) identify all telephone numbers and all email, Internet, physical, and postal addresses, including all residences; (b) identify all titles and roles in all business activities, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest; and (c) describe in detail his involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.  For 20 years following entry of this Order, each Stipulating

Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

    1.    Each Stipulating Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Stipulating Defendant has any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

    2.    Additionally, Stipulating Defendant Rares Stelea must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest, and identify its name, physical address, and Internet address, if any.

C.    Each Stipulating Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Stipulating Defendant within 14 days of its filing.

D.    Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.    Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer

Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. ELH Consulting, LLC, et al. (FTC Matter No. X130004).

## VII.

## RECORDKEEPING

**IT IS FURTHER ORDERED** that Stipulating Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, Corporate Defendant and Stipulating Defendant Rares Stelea for any business in which he, individually or collectively with any other Defendant, is a majority owner or directly or indirectly controls, must maintain the following records:

    A.    Accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

    B.    Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

    C.    Complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

    D.    All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

    E.    A copy of each advertisement or other marketing material.

## VIII.

## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Stipulating Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

    A.    Within 14 days of receipt of a written request from a representative of the Commission, each Stipulating Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

    B.    For matters concerning this Order, the Commission is authorized to communicate directly with each Stipulating Defendant.  Stipulating Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Stipulating Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

    C.    The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Stipulating Defendants or any individual or entity affiliated with Stipulating Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## IX.

## COOPERATION WITH FTC COUNSEL

**IT IS FURTHER ORDERED** that Stipulating Defendants shall, in connection with this action or any subsequent investigations related to or associated with the transactions or the occurrences that are the subject of the FTC's Complaint, cooperate in good faith with the FTC and appear, or cause their officers, employees, representatives, or agents to appear, at such places and times as the FTC shall reasonably request, after written notice, for

interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be reasonably requested by the FTC. If requested in writing by the FTC, Stipulating Defendants shall appear, or cause their officers, employees, representatives, or agents to appear, and provide truthful testimony in any trial, deposition, or other proceeding related to or associated with the transactions or the occurrences that are the subject of the Complaint, without the service of a subpoena.

## X.
## DISSOLUTION OF ASSET FREEZE

**IT IS FURTHER ORDERED** that the freeze on the assets of Stipulating Defendants pursuant to the Stipulated Preliminary Injunction entered in this action shall be lifted permanently. A financial institution shall be entitled to rely upon a letter from Plaintiff stating that the freeze on Stipulating Defendants' assets has been lifted.

## XI.
## SEVERABILITY

**IT IS FURTHER ORDERED** that the provisions of this Order are separate and severable from one another. If any provision is stayed or determined to be invalid, the remaining provisions shall remain in full force and effect.

## XII.

## **JURISDICTION**

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED.**

DATED this 11th day of June, 2013.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge