**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission,             ) | No. CV 12-02246-PHX-FJM |
|                           )             | |
|        Plaintiff,         )             | **ORDER** |
|                           )             | |
| vs.                       )             | |
|                           )             | |
| ELH Consulting, LLC, et al. ,           ) | |
|                           )             | |
|        Defendants.        )             | |
|                           )             | |

      The court has before it defendants' motion for judgment on the pleadings (doc. 94), plaintiff's response (doc. 102), and defendants' reply (doc. 106).

      The FTC filed its complaint on October 22, 2012, asserting (1) violations of Section 5(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a), and (2) violations of the Telemarketing Sales Rule ("TSR"), 15 U.S.C. §§ 6101-6108.  The same day, this court granted the FTC's motion for preliminary injunction and enjoined defendants from violating the FTC Act and the TSR.

      Defendants move for judgment on the pleadings and argue that the complaint should be dismissed with prejudice because it "sounds in fraud" and does not meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) ("Rule 9(b)").  The FTC contends that even though Rule 9(b) should not apply to deceptive claims under the FTC Act, the complaint is pled with sufficient particularity to satisfy the Rule 9(b) requirements.

The first issue is whether the FTC's claim that defendants violated the FTC Act is subject to the heightened pleading standard of Rule 9(b). The Ninth Circuit has not yet decided this specific issue. Defendants cite <u>F.T.C. v. Lights of America</u>, 760 F. Supp.2d 848 (C.D. Cal. 2010) for the proposition that Rule 9(b) applies to claims for violations of the FTC Act because those claims "sound in fraud." While decisions of other district courts are not binding precedent on this court, we find <u>Lights of America</u> persuasive. In that case, the court noted that Rule 9(b) applies when "(1) a complaint specifically alleges fraud as an essential element of a claim, (2) when the claim 'sounds in fraud' by alleging that the defendant engaged in fraudulent conduct, even though the claim itself does not contain fraud as an essential element, and (3) to any allegations of fraudulent conduct, even when none of the claims in the complaint 'sound in fraud.'" <u>Lights of America</u>, 760 F. Supp.2d at 852 (citing <u>Vess v. Ciba–Geigy Corp. USA</u>, 317 F.3d 1097, 1102-06 (9th Cir. 2003)). The court reasoned that "the FTC's claim sound[ed] in fraud because it alleges a unified course of fraudulent conduct and relies entirely on that course of conduct as the basis of its claim." <u>Id</u>. at 853. Here, the FTC's complaint sounds in fraud in that it alleges that defendants engaged in deceptive acts and practices and "operate a tangled network of telemarketing companies and telemarketing service providers" who make "representations" that are "false." Complaint, ¶¶ 18, 39, 40, and 41. Because the FTC's allegations sound in fraud, the court applies the heightened pleading standard of Rule 9(b) in evaluating the motion for judgment on the pleadings.

Under Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To satisfy Rule 9(b) the plaintiff must include "the who, what, when, where, and how" of the fraud. <u>Vess v. Ciba-Geigy Corp.</u>, USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). "A pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." <u>Moore v. Kayport Package Express, Inc.</u>, 885 F.2d

531, 540 (9th Cir. 1989). "[T]here is no absolute requirement that, where several defendants are sued in connection with an alleged fraudulent scheme, the complaint must identify false statements made by each and every defendant." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007). Courts may relax Rule 9(b)'s particularity requirements in circumstances where plaintiff will not have personal knowledge of all of the underlying facts. Moore, 885 F.2d at 540. In those cases, plaintiff "should include the misrepresentations themselves with particularity and, where possible, the roles of the individual defendants in the misrepresentations." Id.

Here, the FTC has met the pleading standard of Rule 9(b). The twenty-two page complaint (doc. 3) identifies several defendant entities and individuals (id. at ¶¶ 6-16), categorizes those defendants based on their function in the alleged scheme (id. at ¶¶ 18-23, 36, 83), and includes specific representations allegedly made by defendants (id. at ¶¶ 24-26). The complaint thoroughly describes the nature of the scheme, and how it was carried out. See Doc. 3 at ¶¶ 18-36. Specifically, the complaint alleges that defendants "operate a tangled network of telemarketing companies and telemarketing service providers that . . . deceptively telemarket credit card interest rate reduction services and provide substantial assistance to third parties who deceptively telemarket such services. Id. The complaint also identifies the when and where the alleged deceptive conduct took place. See Doc. 3 at ¶¶ 19-21, 23. Overall, the detailed allegations in the complaint were sufficient to allow defendants to prepare an adequate answer. See Doc. 42. Because the FTC's complaint states "the who, what, when, where, and how" of the fraud with particularity, it satisfies the Rule 9(b) pleading standard.

Therefore, **IT IS ORDERED DENYING** the motion for judgment on the pleadings (doc. 94).

DATED this 4th day of September, 2013.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge

- 3 -