1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

|  |  |
|---|---|
| Federal Trade Commission, | No. CV-12-02246-PHX-FJM |
| Plaintiff, | **STIPULATED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AS TO DEFENDANTS ELH CONSULTING, LLC, also d/b/a PROACTIVE PLANNING SOLUTIONS; PURCHASE POWER SOLUTIONS, LLC; ALLIED CORPORATE CONNECTION, LLC; COMPLETE FINANCIAL STRATEGIES, LLC; EMORY L. HOLLEY IV a/k/a JACK HOLLEY; and LISA MILLER** |
| vs. | |
| ELH Consulting, LLC, *et al.*, | |
| Defendants. | |

Plaintiff Federal Trade Commission ("Commission" or "FTC") filed its

Complaint for a Permanent Injunction and Other Equitable Relief to obtain

temporary, preliminary, and permanent injunctive relief, rescission or reformation

of contracts, restitution, disgorgement of ill-gotten gains, and other equitable

relief pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act

("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing and Consumer

Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-

6108. Plaintiff and Defendants ELH Consulting, LLC, also d/b/a Proactive

Planning Solutions; Purchase Power Solutions, LLC; Allied Corporate

Connection, LLC; Complete Financial Strategies, LLC; Emory L. Holley IV a/k/a

Jack Holley; and Lisa Miller ("Defendants"), stipulate to the entry of this

Stipulated Final Judgment and Order for Permanent Injunction ("Order") by this

Court in order to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1.      This court has jurisdiction over this matter.

2.      The Complaint charges that Defendants participated in deceptive acts

or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and in

violation of the FTC's Trade Regulation Rule entitled "Telemarketing Sales

Rule" ("TSR"), 16 C.F.R. Part 310.

3.      Defendants neither admit nor deny any of the allegations in the

Complaint, except as specifically stated in this Order.  Only for purposes of this

action, Defendants admit the facts necessary to establish jurisdiction.

4.      Defendants waive any claim that they might have under the Equal

Access to Justice Act, 28 U.S.C. § 2412 concerning the prosecution of this action

through the date of this Order, and agree to bear their own costs and attorney's

fees.

5.      Defendants and the Commission waive all rights to appeal or

otherwise challenge or contest the validity of this Order.

6.      Entry of this Order is in the public interest.

## **DEFINITIONS**

For purposes of this Order, the following definitions shall apply:

1.      "**Defendants**" means all of the corporate Defendants and Individual Defendants, individually, collectively, or in any combination.

2.      "**Corporate Defendants**" means ELH Consulting, LLC, also d/b/a Proactive Planning Solutions; Purchase Power Solutions, LLC; Allied Corporate Connection, LLC; Complete Financial Strategies, LLC; and their successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by these entities, or any of them.

3.      "**Individual Defendants**" means Emory L. Holley IV a/k/a Jack Holley and Lisa Miller, and by whatever other names each may be known.

4.      "**Debt Relief Product or Service**" means any product, service, plan or program represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a person and one or more unsecured creditors or debt collectors, including, but not limited to, a reduction in the balance, interest rate, or fees owed by a person to an unsecured creditor or debt collector.

5.      "**Financial Related Product or Service**" means any product or service represented, directly or by implication, to: (a) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards; (b) improve, or arrange to improve, any consumer's

credit record, credit history, or credit rating; (c) provide advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit record, credit history, or credit rating; (d) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit; or (e) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving any service represented, expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a consumer and one or more secured creditors, servicers, or debt collectors.

6.     "**Telemarketing**" means any plan, program, or campaign which is conducted to induce the purchase of goods or services, or a charitable contribution, by use of one or more telephones, and which involves a telephone call, whether or not covered by the Telemarketing Sales Rule, but does not include telephone calls in which the sale of goods and services is not completed, and payment or authorization of payment is not required, until after a face-to-face sales presentation.

# ORDER

## I.  BAN ON TELEMARKETING

IT IS FURTHER ORDERED that Defendants are permanently restrained and enjoined from participating in Telemarketing, or assisting others engaged in Telemarketing, whether directly or through an intermediary.

## II.  BAN ON MARKETING DEBT RELIEF PRODUCTS OR SERVICES

IT IS FURTHER ORDERED that Defendants are permanently restrained and enjoined from engaging in, participating in, or assisting others in the advertising, marketing, promoting, offering for sale, sale, or distribution of any Debt Relief Product or Service, whether directly or through an intermediary.

## III.  PROHIBITED PRACTICES RELATING TO FINANCIAL RELATED PRODUCTS OR SERVICES

IT IS FURTHER ORDERED that Defendants, and Defendants' officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, sale, or distribution of any Financial Related Product or Service, are permanently restrained and enjoined from:

A.      Misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

      1.      The terms or rates that are available for any loan or other extension of credit, including but not limited to:

a.      closing costs or other fees;

b.      the payment schedule, the monthly payment amount(s), or other payment terms, or whether there is a balloon payment; interest rate(s), annual percentage rate(s), or finance charge; the loan amount, the amount of credit, the draw amount, or outstanding balance; the loan term, the draw period, or maturity; or any other term of credit;

c.      the savings associated with the credit;

d.      the amount of cash to be disbursed to the borrower out of the proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third party;

e.      whether the payment of the minimum amount specified each month covers both interest and principal, and whether the credit has or can result in negative amortization;

f.      that the credit does not have a prepayment penalty or that no prepayment penalty and/or other fees or costs will be incurred if the consumer subsequently refinances; and

g.      that the interest rate(s) or annual percentage rate(s) are fixed rather than adjustable or adjustable rather than fixed;

2.      That any person can improve any consumer's credit record, credit history, or credit rating by permanently removing negative

information from the consumer's credit record, credit history, or

credit rating, even where such information is accurate and not

obsolete;

3.     Any person's ability to improve or otherwise affect a

consumer's credit record, credit history, credit rating, or ability to

obtain credit;

4.     Any aspect of any mortgage loan modification service or

foreclosure relief service, including, but not limited to, the amount of

savings or reduction in interest rate, loan principal, or monthly

payment that a consumer will receive from purchasing, using, or

enrolling in such mortgage loan modification service or foreclosure

relief service; the amount of time before a consumer will receive a

mortgage loan modification or relief from foreclosure; the likelihood

that a consumer will obtain a modified mortgage loan or relief from

foreclosure; or the reduction or cessation of collection calls; and

5.     That a consumer will receive legal representation; and

B.     Advertising or assisting others in advertising credit terms other than

those terms that actually are or will be arranged or offered by a creditor or lender.

## IV.  PROHIBITED PRACTICES RELATING TO
## ANY PRODUCTS OR SERVICES

IT IS FURTHER ORDERED that Defendants, and Defendants' officers,

agents, servants, employees, attorneys, and all other persons in active concert or

participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly in connection with the advertising, marketing, promotion, offering for sale, sale or distribution of any product or service, are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

A.    Any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including, but not limited to, the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

B.    That any person is affiliated with, endorsed or approved by, or otherwise connected to any other person, government entity, or public, non-profit, or other non-commercial program, or any other program;

C.    The total costs to purchase, receive, or use, or the quantity of, the product, or service;

D.    Any material restriction, limitation, or condition on purchasing, receiving, or using the product or service; and

E.    Any material aspect of the performance, efficacy, nature, or characteristics of the product or service.

## V.  SUBSTANTIATION FOR BENEFIT, PERFORMANCE, AND EFFICACY CLAIMS

IT IS FURTHER ORDERED that Defendants, and Defendants' officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, sale, or distribution of any product or service, are permanently restrained and enjoined from making any representation or assisting others in making any representation, expressly or by implication, about the benefits, performance, or efficacy of any product or service, unless, at the time such representation is made, Defendants possess and rely upon competent and reliable evidence that substantiates that the representation is true.

## VI.  MONETARY JUDGMENT AND PARTIAL SUSPENSION

IT IS FURTHER ORDERED that:

A.     Judgment in the amount of $11,900,000.00 is entered in favor of the Commission against Individual Defendants and Corporate Defendants, jointly and severally, as equitable monetary relief;

B.      Defendants relinquish all right, title, and interest in the assets of the Receivership estate.  Upon termination of the Receivership, the funds remaining in the Receivership estate shall be paid to the Commission.  Such payment shall be made within ten (10) days of termination by the Court of the Receivership by electronic fund transfer in accordance with instructions previously provided by a

representative of the Commission.  Upon such payment, the remainder of the judgment is suspended;

C.     The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendants sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

1.     the Financial Statement of Individual Defendant Emory L. Holley IV provided to the FTC on August 6, 2013;

2.     the Financial Statement of Individual Defendant Lisa Miller signed on provided to the FTC on August 6, 2013;

D.     The suspension of the judgment will be lifted as to any Defendant if, upon motion by the Commission, the Court finds that the Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above; and

E.     If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section) represents the consumer injury alleged in the Complaint, less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

# VII.  ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A.      Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets;

B.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or money judgment pursuant to this Order, such as a nondischargeablity complaint in any bankruptcy case;

C.      The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and that this Order will have collateral estoppel effect for such purposes;

D.      Defendants acknowledge that the Taxpayer Identification Numbers and Social Security Numbers, which Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701;

E.      All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for

the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.  Defendants have no right to challenge any actions the Commission or its representative may take pursuant to this Section; and

F.      Upon entry of this Order, the freeze on the assets of Individual Defendants Emory L. Holley and Lisa Miller pursuant to the Preliminary Injunction entered in this action is lifted.  The freeze on the assets of the Receivership Defendants shall remain in effect until such time as the Receiver receives payment of all Court-approved fees and expenses of the Receiver and the Receiver is discharged pursuant to Section X of this Order.  A financial institution shall be entitled to rely upon a letter from Plaintiff stating that the freeze on Receivership Defendants' assets has been lifted.

## VIII.  CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendants, and Defendants' officers, agents, servants, employees, attorneys, and all other persons in active concert or

participation with any of them who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A.     Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress.  Defendants represent that they have provided this redress information to the Commission.  If a representative of the Commission requests in writing any information related to redress, Defendants must provide it, in the form prescribed by the Commission, within fourteen (14) days;

B.     Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the marketing or sale of any Debt Relief Product or Service; and

C.      Failing to destroy such customer information in all forms in their possession, custody, or control within thirty (30) days after entry of this Order. *Provided, however*, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

## IX.  PROHIBITION ON COLLECTING ON ACCOUNTS

IT IS FURTHER ORDERED that Defendants, and Defendants' officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order, whether acting directly, or indirectly, are permanently restrained and enjoined from attempting to collect, collecting, or assigning any right to collect payment from any consumer who purchased or agreed to purchase any Debt Relief Product or Service from any Defendant.

## X.  RECEIVERSHIP TERMINATION

IT IS FURTHER ORDERED that the Receiver must complete all duties within one-hundred eighty (180) days after entry of this Order, but any party or the Receiver may request that the Court extend the Receiver's term for good cause.

## XI.  ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A.      Each Defendant, within seven (7) days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury;

B.      For five (5) years after entry of this Order, each Individual Defendant for any business that such Defendant, individually or collectively with any other

Defendant, is the majority owner or controls directly or indirectly controls, and each Corporate Defendant, must deliver a copy of this Order to:  (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within seven (7) days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities; and

C.     From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within thirty (30) days, a signed and dated acknowledgment of receipt of this Order.

## XII.  COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A.     One (1) year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury.

1.     Each Defendant must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with  Defendant; (b) identify all of that Defendants' businesses by all of their names, telephone numbers, and physical,

postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendants must describe if they know or should know due to his own involvement); (d) describe in detail whether and how that  Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission;

2.      Additionally, each Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.      For twenty (20) years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within fourteen (14) days of any change in the following:

1.     Each Defendant must report any change in:  (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly controls that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order;

2.     Additionally, each Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity;

C.     Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within fourteen (14) days of its filing;

D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and

correct.  Executed on:_____" and supplying the date, signatory's full name, title

(if applicable), and signature; and

E.      Unless otherwise directed by a Commission representative in writing,

all submissions to the Commission pursuant to this Order must be emailed to

DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:

Associate Director for Enforcement, Bureau of Consumer Protection, Federal

Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.

The subject line must begin:  FTC v. ELH Consulting, LLC, et al., (FTC Matter

No. X130004).

## XIII.  RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records

for twenty (20) years after entry of the Order, and retain each such record for five

(5) years.  Specifically, Corporate Defendants and each Individual Defendant for

any business that such Defendant, individually or collectively with any other

Defendant, is a majority owner or controls directly or indirectly, must create and

retain the following records:

A.      Accounting records showing the revenues from all goods or services

sold;

B.      Personnel records showing, for each person providing services,

whether as an employee or otherwise, that person's: name, addresses, and

telephone numbers; job title or position; dates of service; and, if applicable, the

reason for termination;

C.      Records of all consumer complaints and refund requests, whether

received directly or indirectly, such as through a third party, and any response;

D.      All records necessary to demonstrate full compliance with each

provision of this Order, including all submissions to the Commission; and

E.      A copy of each unique advertisement or other marketing material.

## XIV.  COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring

Defendants' compliance with this Order, <u>including the financial representations</u>

<u>upon which part of the judgment was suspended</u> and any failure to transfer any

assets as required by this Order:

A.      Within fourteen (14) days of receipt of a written request from a

representative of the Commission, each Defendant must: submit additional

compliance reports or other requested information, which must be sworn under

penalty of perjury; appear for depositions; and produce documents for inspection

and copying.  The Commission is also authorized to obtain discovery, without

further leave of court, using any of the procedures prescribed by Federal Rules of

Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and

69;

B.      For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant.  Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview.  The person interviewed may have counsel present; and

C.      The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XV.  RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

Dated this 16th day of October, 2013.


_Frederick J. Martone_

Frederick J. Martone
Senior United States District Judge

1   Submitted By:

2

3

4   ELEANOR DURHAM                    Date:  10/15/13
    LAURA M. SOLIS
5   Attorneys for Plaintiff
    Federal Trade Commission
6

7

8   EMORY L. HOLLEY                   Date:  9-13-13
9   Individually and as the sole
    Member of ELH Consulting, LLC
10

11

12  LISA MILLER                       Date:  9/13/13
13  Individually and as the sole
    Member of Purchase Power Solutions, LLC;
14  Allied Corporate Connections, LLC, and
    Complete Financial Strategies, LLC
15

16

17                                    Date:  9/13/2013
    DAVID G. BRAY
18  Dickinson Wright Mariscal Weeks
    Attorneys for Defendants
19

20

21

22

23

24

25

26

27

28

Stipulated Final Judgment and Order - 21